UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees, and<br><br>CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees,<br><br>    Plaintiffs,<br><br>v.<br><br>COOLING COMPONENTS, INC.,<br><br>    Defendant. | Cause No. 3:20-cv-03153 |

## COMPLAINT

COME NOW Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND; and CARPENTERS PENSION FUND OF ILLINOIS, by undersigned Counsel, and state as follows for their Complaint against Defendant, COOLING COMPONENTS, INC.:

### Parties

1.   Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1). Welfare Fund's Board of Trustees are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

2.   Welfare Fund is administered at Lincoln, Logan County, Illinois.

3. Welfare Fund is the designated collection agent for contributions to certain unions, dues, dues check-off and other collectively bargained funds within the territorial jurisdiction of the Chicago Regional Council of Carpenters, Southern Region ("Regional Council").

4. Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an "employee pension benefit plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). Pension Fund is a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35). Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

5. Pension is administered at Geneva, Kane County, Illinois.

6. Together, Welfare Fund and Pension Fund shall be referred to as "Plaintiff Funds."

7. Defendant COOLING COMPONENTS, INC. ("Cooling Components") is a Missouri general business corporation in good standing, maintaining its principal place of business in, or around St. Louis, Missouri.

8. Cooling Components is, was and at all relevant times has been, an "employer" in an "industry affecting commerce" within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and is an "employer" in an industry "affecting commerce" within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

**Jurisdiction and Venue**

9. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

10. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e), and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

11. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), and § 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is also proper pursuant to the general venue statute, 28 U.S.C. § 1391(b).

## COUNT I

## (AUDIT LIABILITY DUE)

## (CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND)

COMES NOW Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund, and states as follows for Count I of its Complaint against Defendant Cooling Components, Inc.:

12. Welfare Fund restates and reincorporates paragraphs 1 through 11 of its Complaint as if fully set forth herein.

13. At all times relevant to this Complaint, Defendant has been signatory to one (1) or more Collective Bargaining Agreement(s) ("Agreement(s)") applicable within the territorial jurisdiction of Regional Council.

14. Cooling Components employs and/or has employed individuals pursuant to said Agreement(s) to perform on-site construction work within the territorial jurisdiction of the Regional Council falling within the craft jurisdiction of the United Brotherhood of Carpenters and Joiners of America ("UBCJA").

15. As a consequence of employing these individuals, Cooling Components is required to pay pension and/or health and welfare contributions, as well as dues, dues check-off and other contractually-required contributions, at the hourly rates and in the amounts negotiated by Regional Council in the applicable Regional Council collective bargaining agreement(s).

16. Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Cooling Components is required to make contributions to Welfare Fund in accordance with the terms and conditions of the CBA's and/or the terms of the plans establishing Welfare Fund.

17. Pursuant to ERISA and the policies adopted by Welfare Fund's Trustees, in the event Cooling Components does not timely report and pay contributions, Cooling Components is liable for Liquidated Damages and interest.

18. During 2019, Welfare Fund audited Cooling Components. A true, accurate and correct copy of the audit is attached hereto as **Exhibit A**.

19. The audit, **Exhibit A**, resulted in a finding of $1,818.56 due to Welfare Fund and those funds on behalf of which Welfare Fund acts as collection agent ("Delinquency").

20. The work giving rise to the Delinquency was performed by employees of Defendant within the territorial jurisdiction of this Court.

21. Pursuant to ERISA and the policies adopted by Welfare Fund's Trustees, because of the Delinquency, Cooling Components is liable for Liquidated Damages in the amount of $363.71. *See*, **Exhibit A**.

22. As a result of the Delinquency, Cooling Components is liable for interest in the amount of $594.26. *See*, **Exhibit A**.

23. Pursuant to ERISA, Welfare Fund is entitled to costs of the audit in the amount of $1,431.45. *See*, **Exhibits A** and **C**.

24. Pursuant to ERISA, Welfare Fund is entitled to an award of its attorneys' fees and costs.

25. Demand was made upon Cooling Components for payment of the foregoing amounts, **Exhibit C**.

26. Cooling Components paid $683.70, leaving $1,134.86 of the Delinquency remaining due.

27. Despite demand, Cooling Components has failed and refused to pay the remaining Delinquency, Liquidated Damages, interest, audit costs, or attorneys' fees and costs, all of which Welfare Fund is entitled to under the Plan, or the common law of ERISA.

28. As a result of the actions complained of herein, Welfare Fund has been harmed.

WHEREFORE, Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund respectfully prays that the Court:

    (a)    Enter Judgment for Welfare Fund and against Defendant Cooling Components, Inc.;

    (b)    Enter an Order awarding Welfare Fund $1,134.86 in delinquent fringe benefit contributions;

    (c)    Enter an Order awarding Welfare Fund Liquidated Damages in the amount of $363.71;

    (d)    Enter an Order awarding Welfare Fund interest in the amount of $594.26;

    (e)    Enter an Order awarding Welfare Fund audit costs in the amount of $1,431.45;

    (f)    Enter an Order awarding Welfare Fund its attorneys' fees and costs in an amount to be proven at trial; and

    (g)    Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## (AUDIT LIABILITY DUE)

## (CARPENTERS PENSION FUND OF ILLINOIS)

COMES NOW Plaintiff, Carpenters Pension Fund of Illinois, and states as follows for Count I of its Complaint against Defendant Cooling Components, Inc.:

29. Pension Fund restates and reincorporates paragraphs 1 through 11 and 12 through 27 of Count I of its Complaint as if fully set forth herein.

30. During 2019, Pension Fund audited Cooling Components. A true, accurate and correct copy of the audit is attached hereto as **Exhibit B**.

31. The audit, **Exhibit B**, resulted in a finding of $871.50 due to Pension Fund ("Delinquency").

32. The work giving rise to the Delinquency was performed by employees of Defendant within the territorial jurisdiction of this Court.

33. Pursuant to ERISA and the policies adopted by Pension Fund's Trustees, because of the Delinquency, Cooling Components is liable for interest in the amount of $133.28. *See*, **Exhibit B**.

34. Pursuant to ERISA and the policies adopted by Welfare Fund's Trustees, because of the Delinquency, Cooling Components is liable for Liquidated Damages in the amount of $174.30.

35. Pursuant to ERISA, Pension Fund is entitled to costs of the audit in the amount of $1,431.45. *See*, **Exhibit D**.

36. Pursuant to ERISA, Pension Fund is entitled to an award of its attorneys' fees and costs.

37. Demand was made upon Cooling Components for payment of the foregoing amounts, **Exhibit C**.

38. Cooling Components paid $316.30, leaving $555.20 of the Delinquency remaining due.

39. Despite demand, Cooling Components has failed and refused to pay the remaining Delinquency, Liquidated Damages, interest, audit costs, or attorneys' fees and costs, all of which Pension Fund is entitled to under the Plan, or the common law of ERISA.

40. As a result of the actions complained of herein, Pension Fund has been harmed.

WHEREFORE, Plaintiff Carpenters Pension Fund of Illinois respectfully prays that the Court:

(a) Enter Judgment for Pension Fund and against Defendant Cooling Components, Inc.;

(b) Enter an Order awarding Pension Fund $555.20 in delinquent fringe benefit contributions;

(c) Enter an Order awarding Pension Fund interest in the amount of $133.28;

(d) Enter an Order awarding Pension Fund Liquidated Damages in the amount of $174.30;

(e) Enter an Order awarding Pension Fund audit costs in the amount of $1,431.45;

(f) Enter an Order awarding Pension Fund its attorneys' fees and costs in an amount to be proven at trial; and

(g) Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys for Plaintiffs